UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA LYNN KIEFERT,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 5:17-cv-01820-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Joanna Lynn Kiefert ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10, 11] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br."), Dkt. 18 ("Def.'s Br."), and Dkt. 19 ("Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for additional proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On April 16, 2013, Plaintiff filed an application for DIB, alleging that she became disabled as of October 22, 2011. [Dkt. 14, Administrative Record ("AR")

22, 274-75.] The Commissioner denied her initial claim for benefits on November 5, 2013, and upon reconsideration on January 8, 2014. [AR 22; 113-133.] On October 29, 2015, a hearing was held before Administrative Law Judge ("ALJ") Joseph Schloss. [AR 44-67.] A second hearing was held on April 25, 2016. [AR 68-91.] A third hearing was held on July 28, 2016. [AR 92-114.] On August 22, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 22-38.] Plaintiff requested review from the Appeals Council, which denied review on July 20, 2017. [AR 1-7.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of October 22, 2011 through her date last insured of March 31, 2015. [AR 24 (citing 20 C.F.R. § 404.1571).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: inflammatory arthritis due to Hashimoto disease; osteoarthritis; degenerative joint disease of the bilateral hips; periathritis of the right shoulder; degenerative joint disease off the bilateral hands; complex tear in the right knee, status post knee arthroscopy; degenerative join disease of the left knee; diabetes; diabetic neuropathy; and hypertension. [*Id.* (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 26 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> Full range of light work as defined in 20 CFR 404.1567(b).

[AR 26.] Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but determined that based on his age (54 years old at the date of application),

high school education, and ability to communicate in English; she could perform representative occupations such as cleaner/housekeeping (DOT 323.687-014), cafeteria attendant (DOT 311.677-010), and assembler, small products (DOT 706.684-022), and, thus, is not disabled. [AR 32 (citing 20 CFR 404.1569 and 404.1569(a); *see also* AR 85-86.]

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly dismissed the November 29, 2014 medical source statement provided by one of Plaintiff's treating physicians, Mustaqeem A. Qazi, M.D., without stating legally sufficient reasons for doing so.

3

[Pltf.'s Br. at 6-7; Pltf.'s Reply at 2-5; *see* AR 30, 495-99.] For the reasons stated below, the Court reverses the decision of the Commissioner and remands this matter for further proceedings.

Plaintiff has been treated for issues with her hips, shoulders, and knees since at least 2010. [AR 28-29; 425-65; 470-94.] Mustaqeem A. Qazi, M.D., treated Plaintiff from February 1, 2012 through April 28, 2014 and completed a medical source statement on November 29, 2014. [AR 495-99; 523.] Dr. Qazi diagnosed Plaintiff as having: chronic pain; chronic diabetic neuropathy; chronic Polly arthritis; chest pain; vertigo; and chronic nerve pain. [AR 497-98.] He opined that Plaintiff is capable of lifting and carrying less than ten pounds; standing and walking for less than two hours in an eight-hour day; sitting for less than two hours in an eight-hour day; and will need to change positions frequently and lie down every two hours. [AR 496-99.]

In evaluating medical opinions, generally, the opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. *See* 20 C.F.R. §§ 404.1527(c)(1); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). In particular, "[t]he medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the Plaintiff's] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (internal citation omitted). "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Id.* In addition, generally, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." *Ghanim v. Colvin*, 763 F.3d 1154, 1160

(9th Cir. 2014).

To reject the uncontradicted opinion of a treating or examining physician, the ALJ must provide clear and convincing reasons that are supported by substantial evidence. *Ghanim*, 763 F.3d at 1160-61; *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (internal citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (internal quotation omitted).

Given that it is undisputed that the consultative examiner and State agency consultants contradicted Dr. Qazi's opinion, the ALJ was required to provide specific and legitimate reasons for evaluating the opinion as he did. Liberally construed, the ALJ's decision sets forth only two reasons for rejecting Dr. Qazi's opinion regarding Plaintiff's limitations.

First, the ALJ summarily rejected Dr. Qazi's opinion stating that his opinion would "essentially preclude all work." [AR 30.] However, the ALJ's conclusion that the limitations assessed by the treating physician would preclude even sedentary work, without more, does not justify rejection of Dr. Qazi's opinion.

Second, the ALJ asserted that Dr. Qazi's opinion is "vague" and "is not supported by the medical evidence as a whole, which reflects that [Plaintiff's] conditional gradually improved beginning in 2012." [AR 30.] Specifically, the ALJ notes that on April 12, 2012, Plaintiff admitted to Dr. Qazi that she was feeling

5

"much better." [AR 29, 542.] Similarly, in February 2013 Plaintiff reported "feeling generally well" and in March 2013 Plaintiff reported doing "very well." [AR 29, 528, 532.] However, Plaintiff made these statements in response to follow-up visits regarding her diabetes, *not* about her hips, knees, or shoulders. In other words, Plaintiff's medical records do not conflict with or otherwise detract from Dr. Qazi's opinion that Plaintiff experienced significant limitations in her ability to lift, stand, walk, and sit due to pain. Thus, the ALJ's conclusion that Dr. Qazi's opinion is inconsistent or not supported by the medical record is not a specific and legitimate reason for rejecting the opinion of Dr. Qazi.

## V. CONCLUSION

Where "an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler v. Commissioner of Social Security Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). The Court has the discretion to credit as true improperly rejected evidence and remand for payment of benefits where the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison*, 759 F.3d at 1020; *see also Treichler*, 775 F.3d at 1100-01. But even where all three factors of this "credit-as-true" rule are met, the Court retains discretion to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021; *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, the ALJ's assessment of Plaintiff's impairments did not reflect adequate

consideration of Dr. Qazi's opinion. Because questions regarding the extent to which Plaintiff's physical impairments limit her ability to work remain unresolved, the record has not been fully developed and remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1020; *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (remand for further proceedings is appropriate when the record is not "fully developed"). On remand, the ALJ should reassess Dr. Qazi's opinion with respect to Plaintiff's physical impairments. The ALJ must explain the weight afforded to this medical opinion and provide legally adequate reasons for rejecting or discounting it. Because this matter is being remanded for reassessment of the severity of Plaintiff's physical impairments and related medical opinion evidence, the Court does not reach the remaining issue raised by Plaintiff, as to the weight afforded to Natasha Creighton, M.D., except as to determine that reversal with the directive for immediate payment of benefits for the period after the alleged medical improvement date would not be appropriate at this time. However, the ALJ should address Plaintiff's additional contentions of error when evaluating the evidence on remand.

Accordingly, remand for additional proceedings is appropriate.

**IT IS ORDERED.**

DATED: September 19, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE